826 F.2d 1072
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Julian A. QUIDES, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 Appeal No. 87-3305
 United States Court of Appeals, Federal Circuit.
 July 13, 1987.
 
 Before RICH, SMITH and NIES, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Julian A. Quides seeks review of the final decision of the Merit Systems Protection Board, Docket No. SF08318610665, affirming the Office of Personnel Management's reconsideration decision and holding that Quides is not entitled to a civil service retirement annuity and not eligible to make a redeposit into the retirement fund to reinstate his right to an annuity. We affirm.
 
 OPINION
 
 2
 Quides applied for and received a refund of his retirement deductions to the retirement fund upon his separation from government employment in 1957. The presiding official correctly held that Quides was not entitled to civil service retirement annuity benefits because Quides' receipt of a lump-sum payment of his retirement contribution voided any right to a retirement annuity. See 5 U.S.C. Sec. 8342(a) (1982); Yarbrough v. Office of Personnel Management, 770 F.2d 1056, 1060-61 (Fed. Cir. 1985).
 
 
 3
 An individual who has received a refund of retirement contributions may reestablish rights to a retirement annuity based upon the period of service covered by the refund if that individual is reemployed in a federal position subject to the Civil Service Reform Act (CSRA) and makes a redeposit to the retirement fund of the amount of refund received, plus interest. 5 U.S.C. Sec. 8334(d) (1982). Quides is not entitled to reestablish his annuity rights because, as the presiding official found, since Quides' separation in 1957, his only federal employment was for a few months in a temporary position not covered by the CSRA.
 
 
 4
 Essentially Quides argues that the law should be different. That is a matter for Congress, not the courts. Thus, the board's decision must be affirmed as it was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. See 5 U.S.C. Sec. 7703(c) (1982); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984).